## ROCK ISLAND COAL MINING CO. v. TAYLOR.

No. 8612.—Opinion Filed June 17, 1919.

(Syllabus by the Court.)

1. **Master and Servant—Personal Injury to Coal Miner—Shower Bath—Evidence of Negligence.**

Section 1, c. 125, Session Laws 1913, requires all coal mining operators, employing ten or more laborers, to erect a bathhouse, constructed with a shower bath for the use of men working in the mines, and equipped with individual lockers, proper light, heat, hot and cold water, and to maintain same in good and sanitary condition and order. Held, in an action for injuries alleged to be the result of the negligent construction of such bath, where there is no evidence that the operator has failed to do all that the statute required of him in the construction of such bath, there is no primary negligence shown.

2. **Same.**

In an action for injuries sustained by slipping and falling in the basin of a shower bath, alleged to be due to the negligent construction of such basin, it is necessary to show, either that such basin is obviously dangerous for use, or that it is constructed so different from the usual, common, and ordinary manner of constructing such basins as to be dangerous, and in the absence of such proof, a judgment for damages will be reversed.

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by W. F. Taylor against the Rock Island Coal Mining Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. H. Moore, C. O. Blake, K. W. Shartel, and Chas. H. Hudson, for plaintiff in error.

H. H. Smith and I. C. Saunders, for defendant in error.

HARRISON, J. This suit was instituted in the district court of Latimer county, by W. F. Taylor, against the Rock Island Coal Mining Company for damages for personal injuries alleged to have been received by Taylor while taking a shower bath in the company's bathroom. Taylor was employed by the company and engaged in mining coal.

The company, pursuant to section 1, c. 125, Session Laws 1913, had erected a bathhouse near the entrance of the mine, in order that the miners after coming out of the mines might bathe and change clothes before going home.

On the date of the alleged injuries, the defendant in error, Taylor, in company with four or five colaborers, at the conclusion of their day's work in the mines went into the bathhouse to wash and change clothes, and while engaged in bathing, and while standing in the basin and under the shower, which came from above, Taylor claims to have slipped and fallen upon his arm, breaking it and sustaining permanent injuries therefrom. For such injuries this action was brought and judgment obtained for the sum of $7,500, and the coal mining company appeals to this court upon three principal propositions, to wit:

(1) That no primary negligence was shown.

(2) That the verdict is excessive.

(3) That the verdict is contrary to law.

In determining whether there was primary negligence, we must look to the statutes to ascertain what duty was required of the coal company towards its employes.

Section 1, c. 125, Session Laws 1913, provides:

"It shall be the duty of every person, corporation or company, and of his or its agents, officers, representatives or other persons or persons in charge, owning and operating or operating as lessee any coal mine within the state of Oklahoma, wherein ten or more miners are employed in digging coal, to provide within six months after the approval of this act, a svitable building of sufficient size to accommodate all the men employed in said

mine, which shall be convenient to the principal entrance of such mine, equipped with individual lockers, proper light, heat, hot and cold water, and shower baths, and to maintain the same in good and sanitary condition and order, for the use of persons employed in such mine as a place for washing and bathing themselves, and changing clothing when going to and returning from the mine. The baths and lockers for the negroes shall be separate from the white race, but may be in the same building. The said employes shall furnish their own towels, soap and lock for lockers and shall exercise control over and be responsible for all property by them left therein."

In determining the question of liability under the above statute, and the facts and circumstances in this particular case, two elements enter into the consideration which do not enter in ordinary actions for negligence:

First. That the duty of the master is prescribed by statute.

Second. That the employes in availing themselves of the benefit of this bathroom were not acting under the orders or directions of the master, but were acting wholly upon their own accord and upon their own judgment as it pleased them to do.

It does not appear from the records just what the size of the bathhouse was, that is, the interior of the entire bathroom; but it appears that the entire floor of the bathroom was laid with concrete, and that in the center of the bathroom there was a basin about six feet square, gradually sloping toward the center, and being about six inches lower in the center than at the outer edge. In the center of this basin there was a drainpipe for the purpose of draining the basin, the contrivance for letting on the shower being immediately over the center of the basin. This is substantially the description given by the witnesses for the plaintiff.

It must be observed that the statutes say nothing about the safety of such a bathroom, but simply provide that it shall be "a suitable building of sufficient size to accommodate all the men employed in said mine, which shall be convenient to the principal entrance of such mine, equipped with individual lockers, proper light, heat, hot and cold water, and shower baths, and to maintain the same in good and sanitary condition and order."

Hence when the company had erected a house of sufficient size, and provided it with proper lights, heat, lockers, and shower bath, as required by statute, and had maintained same in good and sanitary condition and order it had discharged its duty under the law, provided such basin was so constructed as to be reasonably safe to an ordinarily prudent person, and free from the appearances of danger to an ordinarily prudent person using such basin, and provided, further, that its construction was not materially different from the ordinary manner of constructing such basins, and not more dangerous than basins constructed in the usual manner.

This being true, then the question of actionable negligence must rest upon the margin of difference between a basin of just exactly enough slope to make it sanitary, by draining off the water and soap, and the slope which it had, and the question as to whether it was more dangerous than the usual character of such basin, if constructed different from the usual method.

There was no testimony that this basin was essentially different in construction to the ordinary manner of constructing such basins, nor that it was more dangerous than the ordinary basin, if different from the ordinary character of basin, nor was there any testimony that it was any steeper than was required by statute to make it sanitary.

These being the essential questions upon which primary negligence in this action must be founded, and there being no testimony upon such questions, nor any testimony that the defendant had failed to comply with the statutes in the construction of such basin, we are compelled to hold that no primary negligence is shown.

Judgment therefore is reversed, and cause remanded.

OWEN, C. J., and KANE and JOHNSON, JJ., concur.

RAINEY, J., concurs in the conclusion.